THE PEOPLE OF PUERTO RICO, Plaintiff, *v*. LETICIA EULALIA FE-
RRER Y CINTRÓN, Defendant; BELÉN ÁLVAREZ TORRES DE
ALDEA, Intervener and Appellant; and ARMANDO HERNÁN-
DEZ, Intervener and Appellee.

No. 8908. Argued November 9, 1944.—Decided January 10, 1945.

382

*Manuel Cruz Orta* and *Cándido Ceballos* for intervener-appellant.
*Juan Nevares Santiago* for intervener-appellee. *Jesús A. Gonzá-
lez*, *Acting Attorney General*, *A. E. Franco Cabrero*, *Deputy
Attorney General*, and *Federico Tilén*, *Legal Advisor of the De-
partment of the Interior, for plaintiff*. *R. H. Blondet* for defen-
ant.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

This is a condemnation proceeding instituted by the Peo-
ple of Puerto Rico against Leticia Ferrer for the adquisition
of a certain lot in Santurce in which a storehouse and two
small houses are situated, wherein the lower court allowed
the intervention of the following persons: (1) Belén Álvarez
Torres de Aldea, who alleged to be the real owner of the
lot as well as of the storehouse in question, and (2) Armando
Hernández, who alleged to be the owner of said small houses
as well as of the business of the storehouse. The plaintiff
deposited the sum of $4,637.86 as a just and reasonable com-
pensation for the properties sought to be condemned.

On February 8, 1944, the People of Puerto Rico and the
intervener Armando Hernández submitted a stipulation to
the lower court by virtue of which the intervener accepted
the sum of $900 as final compensation for the closing of his
business and the removal of the small houses, and The Peo-
ple in turn bound itself to deposit in court any difference

that might exist between the amount deposited and the amount which the court might finally fix as the definite compensation for the other properties, after paying the sums stipulated to the intervener Armando Hernández. The intervener Belén Álvarez de Aldea objected to the motion for delivery of compensation filed by Armando Hernández and alleged: (1) that she had not been served with copy of said motion; (2) that not until it was decided who was the real owner of the lot, the storehouse, and the small houses, should delivery of the attached funds be made in whole or in part to any person; and (3) that, although she had no objection to the value of the small houses, $320.93, being paid to the owner thereof, yet she did object to the payment of any other amount to the intervener as compensation for the storehouse, because he was not entitled to any compensation for said storehouse which belonged exclusively to her.

After hearing the parties the lower court rendered judgment on March 3, 1944, approving the stipulation and granting the motion for the delivery of compensation to the intervener Hernández, and from this judgment the intervener Belén Álvarez has taken the present appeal, wherein she assigns as an only error that the lower court committed an abuse of discretion and an error of law and that it acted with passion and prejudice.

██ We are of the opinion that the appeal taken lacks merit. The appellant in this case has never alleged to be the owner of the two small houses claimed by the appellee. On the contrary, she admitted in the lower court that they belonged to the appellee and she agreed that from the amount deposited the owner be paid what she considered they were worth, $320.93. As to the controversy between the plaintiff and the intervener Hernández about the real value of the two small houses and the business of the storehouse, the intervener Belén Álvarez had no interest therein and the transaction could not prejudice her inasmuch as in the stipulation the plaintiff bound itself to deposit in the office of the clerk

of the court "any difference that might exist between the amount deposited in the clerk's office, after having paid to the intervener the amount fixed as compensation by this stipulation, and the amount that this court might determine should be paid as final compensation for the other properties involved in this proceeding."

There is no question that the court could order a partial payment to the intervener Hernández on account of the total sum deposited pursuant to subdivision 3 of § 5A of the Eminent Domain Act (as added by Act No. 2 of April 1, 1941, Sess. Laws, p. 284, and as amended by Act No. 22 of November 21, 1941, Spec. Sess. Laws, p. 68, by Act No. 22 of April 9, 1942, Sess. Laws, p. 386, and by Act No. 19 of November 30, 1942, Spec. Sess. Laws, p. 82) which provides that:

"*Upon application of the parties in interest,* the court may order that the money deposited in the court, *or any part thereof,* be paid forthwith for or *on account of the just compensation to be awarded in said proceeding.* If the compensation finally awarded in respect to said property, *or any part thereof,* shall exceed the amount of the money so received by any entitled person, the court shall enter judgment against The People of Puerto Rico . . . for the amount of the difference." (Italics ours.)

The parties in interest, in so far as the two small houses are concerned, are The People of Puerto Rico and the intervener Hernández. The appellant confined her claim to the lot and to the other house. By virtue of the stipulation as well as by law, the intervener is fully guaranteed in her right to receive the just compensation due her for the lot and the house which she alleges belong to her. The People of Puerto Rico could have segregated the value which it deemed reasonable for each one of the properties when making the deposit in court. By virtue of the stipulation it made such segregation by stating that $900 represented the value of the properties of Hernández or the compensation for the damages that might be caused by the expropriation.

What was left from the amount deposited, $4,637.86, after those $900 were deducted, that is, $3,737.86, represented what the plaintiff considered as the reasonable value of the properties which the appellant alleges belong to her. The actual situation is the same as if from the very beginning the plaintiff had specified that it deposited in court each one of these amounts—$900 and $3,737.86—for each one of the interveners.

The judgment appealed from must be affirmed.